[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO REOPEN JUDGMENT
The marriage of the parties was dissolved on September 30, 1991 by this court (Cohen, J.).
On March 13, 1992, the defendant filed a motion to open the judgment. Evidence and testimony was presented by both parties bring a hearing on said motion on May 12, 1992.
On May 15, 1992, the defendant filed a motion for permission to continue the hearing on the motion to reopen and asking the court to reserve decision until such additional hearing. CT Page 11028
Over the plaintiff's objection, the court granted the defendant's motion to continue and permitted the defendant to offer additional evidence and testimony at a hearing conducted on June 16, 1992.
Having heard the parties in regard to the defendant's motion to reopen on two separate dates, the court makes the following findings and conclusions.
The September 30, 1991, judgment of dissolution was a default judgment, the defendant having failed to make her appearance by counsel or by herself, pro se. At the time of judgment the court made the requisite findings that the defendant had been properly served, that the defendant was not in the military service and, that the court had the jurisdiction to enter its judgment. The parties were married for six years. The defendant was previously married and has a minor son issue of that marriage. She was previously employed as a "certified" travel agent but was unemployed at the time of her motion.
The defendant bases her motion to reopen the judgment upon two claims: first, that she failed to appear and make a defense to the plaintiff's suit out of fear of retribution by the plaintiff, and, second, that the defendant fraudulently omitted to include certain assets on his financial affidavit at the time of judgment.
The court finds that on more than one occasion prior to the judgment, the plaintiff told the defendant that if she contested his action for dissolution she would get nothing and, if she did not content the suit he would "take care of her".
The court further finds that the plaintiff suggested the defendant consult his own attorney which she did on at least one occasion and was advised by him to seek her own counsel.
The plaintiff discussed the status of the proceedings with the defendant on various occasions prior to the date of judgment. On September 6, 1991, the defendant presented herself in court and asked for a continuance to obtain counsel. She received the names of three attorneys from the Lawyer Referral Service, called one, but never retained counsel.
On September 9, 1991, the defendant was tendered a CT Page 11029 settlement proposal by plaintiff's counsel and threw it back stating that she was not interested in settlement negotiations.
On the date judgment was entered the defendant did not participate, was not in court, and remained a non-appearing party.
The plaintiff filed a financial affidavit with the court, he testified, and judgment was entered.
As part of the judgment the plaintiff obligated himself to the following: The plaintiff agreed to pay to the defendant periodic alimony in the amount of $2,000.00 per month for one year. Each party was to retain all property, real and personal which they each owned prior to the marriage. The plaintiff agreed to convey his campsite and camper in Stafford, Connecticut, valued on his financial affidavit at $80,000.00, to the defendant. The defendant was also awarded a piano and the automobile in her possession. The plaintiff agreed to continue the payments due on said car.
The most compelling evidence was the unrefuted testimony by the defendant that after the dissolution the plaintiff allowed her to live in his home for three months until she and her son voluntarily moved out in December, 1991. She further testified that during the post-judgment period, the plaintiff provided the defendant with credit cards which she used to charge $1,200.00 in attorneys fees, $2,500.00 for furnishings, over $2,000.00 at Foxwood Casino, over $2,000.00 at Hartford Jai Lai. She also charged over $7,000.00 for Christmas presents for her friends, $1,900.00 for a vacation to North Carolina and over $2,000.00 for a cruise with her boyfriend. The plaintiff paid all the charges.
The defendant, at the second hearing, established that the defendant failed to include on his financial affidavit of September 30, 1991, several lots in upstate New York. The plaintiff testified he had acquired that realty property prior to his marriage. The plaintiff attributed the omission of that real property to oversite. He acknowledged the value of that realty to be between $4,000.00 and $5,000.00.
The defendant offered testimony concerning certain Parallel Corporation stock she believed to have been owned by the defendant at the time of the dissolution but not listed on CT Page 11030 his financial affidavit. The plaintiff testified that he did not own that stock on the date of judgment and acquired the shares he currently owns about one week after the judgment. He did list on his affidavit some 2,100,000 shares of stock valued at $618,418.00.
The defendant offered no competent evidence or testimony concerning the plaintiff's ownership of that stock or its value.
Having heard the evidence and testimony, the court finds that the defendant has failed to show that the plaintiff committed a fraud on the court or on herself.
The plaintiff did not cause the defendant to fail to appear as a party to the action.
The plaintiff did not fraudulently misrepresent to the defendant his intentions concerning the orders of alimony or property distribution entered as part of the judgment. In fact, the testimony corroborates the plaintiff's promise that he would provide for the defendant in many ways which exceeded his obligations under the judgment.
For the foregoing reasons, the defendant's motion to reopen the judgment is denied.
BY THE COURT, DOHERTY, J.